---

L. & S. STERNBERGER v. W. L. HAWLEY and others.

*Judge's Discretion—Appeal.*

The decision of a judge below, either at chambers or in term, upon the question of the sufficiency of an indemnity bond executed in compliance with his order, is not reviewable on appeal; no notice is required in such case, nor is the judge concluded by the action of the clerk by whom he directed the bond to be approved. The act is ministerial and the power exercised discretionary.

APPEAL from an order made at Chambers in Wadesboro on the 31st day of January, 1881, (in an action pending in CUMBERLAND Superior Court,) by *Bennett, J.*

The facts are as follows: The plaintiff applied to Judge Bennett at chambers on the 29th of December, 1880, for an injunction in this case, and the judge made an order requiring defendants to appear before him on the 11th of January, 1881, and show cause why an injunction should not be granted and a receiver appointed, and in the meantime that defendants be restrained until the said 11th of January. On that day the parties appeared, and his Honor adjudged that Charles Glover, trustee in a deed of trust, made by defendant Hawley for the benefit of his creditors, give a bond in the penal sum of nine thousand dollars for the faithful performance of the trust, and the security of creditors who were interested in the same. It was ordered

that the bond be justified and approved by the clerk of the superior court of Cumberland county, for the convenience of the parties, and that the restraining order originally made in the cause be continued until the 31st of January, 1881, and on the 28th of that month, Glover tendered to the clerk his bond in obedience to said order. The bond was justified by all the sureties before the clerk, except one who justified before a justice of the peace in the county of Montgomery; and on this account and because the tax list of Cumberland county showed that the property of one of the sureties was only worth $1,400 in the year 1880, and not being satisfied as to the worth of another one of the sureties, the clerk refused to accept the bond. From this ruling of the clerk the defendants appealed to the judge of the district (Judge Bennett) and gave notice to the plaintiffs' counsel that they would submit a motion on the 31st of January, 1881, to have the bond approved, and on that day the motion was heard. One of plaintiffs' counsel wrote to the judge saying he could not be present any day of the said week when the motion was heard, and another of their counsel wrote that he would not attend, as the leading counsel was compelled to be absent, but they both expressed a wish to be heard. The judge of the fourth judicial district was to arrive in said district by law on Sunday night following the day appointed for the hearing, and the resident judge must act, if at all, during the week. Thereupon Judge Bennett, after diligent inquiry into the solvency, character and reputation of the sureties, adjudged said bond to be a substantial compliance with his order, and directed it to be filed in the clerk's office in Cumberland county.

From this order the plaintiffs appealed to this court, and assign as errors in the ruling of the judge:

1. In taking the bond which the clerk declined.

2. In hearing the motion of the 31st at chambers instead of in term time.

3. That the action of the court was taken without such notice as the law requires of said motion.

Mr. J. C. McRae, for plaintiffs.
Messrs. W. A. Guthrie, G. M. Rose and Hinsdale & Devereux, for the defendants.

ASHE, J.   The only question presented by the record is whether an appeal lies from the action of a judge in taking a bond of indemnity from a party to a suit.

We are unable to discover any error in the ruling of His Honor.   The taking the bond was a ministerial act on the part of the judge, which could be performed at chambers as well as at a term of the court.   He not only had the right to take the bond, but the unquestionable right of determining upon the sufficiency of the sureties.   No notice was required, and he was not concluded by the action of the clerk for he had no authority to take the bond, other than that which he derived from the judge.

The power of the judge being ministerial and discretionary, his action in the matter is not reviewable.   The appeal is therefore dismissed.

PER CURIAM.                          Appeal dismissed.